IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In re GALENA BIOPHARMA, INC. SECURITIES LITIGATION**, | Case No. 3:14-cv-367-SI (LEAD) <br><br> **ORDER DENYING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |

**Michael H. Simon, District Judge.**

On February 5, 2016, Plaintiffs moved for preliminary approval of the proposed settlement agreement resolving the putative securities class action against Defendant Galena Biopharma, Inc. ("Galena"), certain members of Galena's Board of Directors, and executive officers of Galena. Settlement and dismissal of a securities class action requires court approval, including approval of the notice to shareholders and the proposed method of notice. *See* Fed. R. Civ. P. 23(e).

A class action settlement must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). When, as here, parties reach an agreement before class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In considering the adequacy of the proposed notice of the proposed settlement, courts evaluate whether the notice is the "best notice practicable under the circumstances" and comports with due process

requirements. *See, e.g.*, *In re Zynga Inc. Sec. Litig.*, No. 12-CV-04007-JSC, 2015 WL 6471171, at *13 (N.D. Cal. Oct. 27, 2015). The notice must also clearly apprise class members of their right to object to the attorney's fees, costs, and incentive awards sought. *Id.*

Although the Court preliminarily finds that the terms of the settlement agreement are fair, reasonable, and adequate, the Court DENIES Plaintiffs' unopposed motion for preliminary approval of the proposed settlement agreement and proposed notice because the Court finds that the proposed notice and objection process not to be fair, reasonable, and adequate, or to provide the best notice practicable, for the following four reasons:

1. The proposed process to object to the settlement agreement or to the attorney's fees and costs or compensatory awards requires class members to both file the objection and supporting documentation with the Court and serve copies of the objection and supporting documentation to The Rosen Law Firm by hand delivery, overnight mail, or certified mail with a return receipt requested. The requirement to hand deliver or send by overnight or certified mail copies to counsel is unduly burdensome and unnecessary because all counsel of record will receive notice of any objection and its supporting documentation through the Court's CM/ECF electronic filing system.

2. The proposed Detailed Notice refers to "Lead Counsel" and "Co-Lead Counsel," sometimes in the same paragraph (*see* Section V). It is unclear whether these two terms are meant interchangeably. Because both "Lead Counsel" and "Co-Lead Counsel" are described as seeking attorney's fees and seeking compensatory awards on behalf of the Lead Plaintiffs, these terms should be clarified or defined, and used consistently through the Detailed Notice and Summary Notice. *See also* Dkt. 52, at 24 (Order, appointing Co-Lead Counsel and Liaison

Counsel); Dkt. 59, at 79 (Amended Complaint, identifying Co-Lead Counsel and Liaison Counsel).

3. In Section II of the proposed Detailed Notice, four persons are identified as Lead Plaintiffs. In Section V, however, the proposed Detailed Notice states that: "Lead Counsel will seek no more than $5,000 for Lead Plaintiff" (singular in original). It appears from this statement that there is only one Lead Plaintiff for whom a $5,000 compensatory award will be sought. If, however, there are more than one Lead Plaintiffs for whom compensatory awards will be sought, it must be clarified in this paragraph. Further, it must be clarified whether $5,000 will be the total amount for all Lead Plaintiffs or the amount sought for each Lead Plaintiff. Additionally, Section V of the proposed Detailed Notice references "Co-Lead Plaintiff" and it is not clear if this term is different from "Lead Plaintiff." As with Lead and Co-Lead Counsel, the terms Lead and Co-Lead Plaintiffs need to be defined and used consistently, and the notices should be consistent in referencing the Lead Plaintiffs as singular or plural.

4. The proposed Detailed Notice is insufficient because it does not specifically notify class members that they have the right to object to the attorney's fees, costs, or compensatory awards sought, in addition to their right to object to the settlement agreement. In Section VI, the proposed Detailed Notice states that class members "may object to the proposed settlement or the other matters referred to above . . . ." The class members' right to object to the attorney's fees, costs, or compensatory awards is an important right of which class members should be clearly notified. The Court finds that notifying class members of their right to object to "the other matters referred to above" is insufficient notice and that the right to object to the attorney's fees, costs, and compensatory awards must be specifically stated. The Court notes that

the proposed Summary Notice does specifically notify class members of their right to object to attorney's fees and expenses and compensatory awards to Lead Plaintiffs.

## CONCLUSION

For the reasons stated in this Order, the Court DENIES Plaintiffs' unopposed motion for preliminary approval of proposed settlement (Dkt. 166) without prejudice and with leave to file an amended motion consistent with this Order if the parties choose to do so.

**IT IS SO ORDERED**.

DATED this 8th day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge